IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| UNITED STATES OF AMERICA, | CASE NO. 3:03-cr-00008 |
|---|---|
| v. | MEMORANDUM OPINION |
| TADASHI DEMETRIUS KEYES, *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendant's Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c) (docket no. 359). For the following reasons, the Court will deny Defendant's motion in an accompanying order, to follow.

On January 16, 2003, a federal grand jury returned a six-count indictment naming seven individuals, including Defendant. Specifically, Count One charged Defendant with conspiracy to possess with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and Count Four charged Defendant with possession of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Defendant pleaded not guilty and was tried commencing on March 29, 2004. He was found guilty by jury on Counts One and Four. This Court sentenced Defendant to a term of life imprisonment as to Count One and 120 months as to Count Four, to be served consecutively. Defendant appealed his conviction and sentencing, and the United States Court of Appeals for the Fourth Circuit affirmed Defendant's conviction and vacated Defendant's sentence and remanded for resentencing consistent with *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Felton*, Nos. 04-4839, 05-4216, 2006 U.S. App. LEXIS 2968 (4th Cir. Feb. 7, 2006). A

resentencing hearing was held on October 31, 2007 before this Court, and Defendant was sentenced to an identical sentence, *i.e.*, a term of life imprisonment as to Count One and 120 months as to Count Four, to be served consecutively. This sentence was affirmed on appeal. *See United States v. Keyes*, No. 07-5108, 2008 U.S. App. LEXIS 15367 (4th Cir. July 17, 2008).

Gregory Antonio Bates Felton was one of Defendant's co-conspirators in the drug trafficking conspiracy and was named in the same six-count indictment as Defendant. On April 8, 2004, a jury found Felton guilty of conspiracy to possess with intent to distribute cocaine base and of possession of a firearm in furtherance of a drug trafficking crime, during the course of which he committed the murder of Gerald Andrew Michie, in violation of 18 U.S.C. §§ 924(c)(1), 924(j), and 1111.

The United States Sentencing Commission has amended the federal sentencing guidelines applicable to crack cocaine offenses. The Sentencing Commission has also decided, pursuant to its authority under 28 U.S.C. § 994(u), that effective March 3, 2008, the amendment will apply retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are still incarcerated.

In his motion, Defendant asks the Court to reduce his term of imprisonment because of Amendment 706, as amended by Amendment 711 ("Amendment 706"), to the United States Sentencing Guidelines. The Court is authorized to reduce a term of imprisonment once it has been imposed in only limited circumstances, such as when (1) the Bureau of Prisons makes a motion for a reduction because of extraordinary reasons or because of advanced age; (2) the United States asks for a reduction because of substantial assistance; and (3) the term of imprisonment imposed was based on a guidelines range that has subsequently been lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c). The Court may only reduce a sentence

because of an amended guideline range if the reduction is consistent with the applicable policy statement issued by the Sentencing Commission. *Id.* § 3582(c)(2). The applicable policy statement, U.S.S.G. § 1B1.10, provides that a term of imprisonment is eligible for a reduction only if the amendment to the Guidelines Manual has been made retroactive and if the retroactive amendment lowers the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(1)-(2).

Amendment 706 lowered the base offense levels applicable to crack cocaine offenses under U.S.S.G. § 2D1.1. In applying the amendment, the Court is directed to determine the guideline range that would have been applicable if the amendment had been in effect at the time the defendant was sentenced. *See* U.S.S.G. § 1B1.10(b)(1). The Court is not permitted, however, to reconsider other guideline application decisions. *Id.*

Prior to Amendment 706, based on 1.5 kilograms of crack cocaine, the United States Sentencing Commission Guideline for violation of 21 U.S.C. § 846 is found in U.S.S.G. § 2D1.1(c)(1), and calls for a base offense level of 38. Amendment 706 operates to reduce that base offense level to 36. In this case, however, the Court had determined the base offense level to be 43 because Defendant's co-conspirator Felton committed a murder in furtherance of the drug trafficking conspiracy of which Defendant was a member. Pursuant to U.S.S.G. § 2D1.1(d)(1), if a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 and the killing took place within the territorial or maritime jurisdiction of the United States, the base offense level found in U.S.S.G. § 2A1.1 applies. U.S.S.G. § 2A1.1 calls for a base offense level of 43. Because the base offense level set forth in U.S.S.G. § 2D1.1(c)(1) for crack cocaine was superseded by the murder cross-reference in the sentencing of Defendant, Amendment 706 has no effect on the guideline range. In other words, the guideline range that would have been applicable if Amendment 706 had been in effect at the time Defendant was

sentenced is the same as the guideline range that the Court applied. Pursuant to U.S.S.G. § 1B1.10(a)(1)-(2), Defendant's term of imprisonment is eligible for a reduction only if the amendment lowers Defendant's applicable guideline range. In the instant matter, the amendment does not lower the applicable guideline range.

For the reasons stated above, the Court is unable to reduce Defendant's sentence. Accordingly, Defendant's Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c) (docket no. 359) will be DENIED. An appropriate order will follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

Entered this 12th day of January, 2011.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE