**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 3:03cr00008-4 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **TADASHI DEMETRIUS KEYES** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Tadashi Demetrius Keyes, a federal inmate proceeding *pro se*, filed a second motion for reconsideration of this Court's order entered March 20, 2013, dismissing Keyes' 28 U.S.C. § 2255 motion as untimely filed.[1] Keyes asks the Court to reconsider its order based on the United States Supreme Court decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), which was decided on June 17, 2013. Keyes erroneously argues that his § 2255 motion was improperly dismissed as untimely filed because of an "intervening change in controlling law." In fact, his current motion merely recasts challenges to his conviction already raised and addressed in his prior § 2255 proceeding, and raises a new claim under *Alleyne*. Therefore, I deny his second motion for reconsideration and construe and summarily dismiss the current motion under § 2255(h) as a successive § 2255 motion.[2]

Keyes has already pursued a § 2255 motion regarding the same judgment.[3] *United States v. Keyes*, No. 3:03cr00008–4, 2013 WL 1163504 (W.D. Va. Mar. 20, 2013). This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. *See* § 2255(h). Keyes offers no indication that he

---

[1] I denied Keyes' first motion for reconsideration, filed on April 4, 2013, by order entered June 20, 2013.

[2] Because Keyes does not demonstrate any defect in the integrity of the prior § 2255 proceedings, he fails to present a proper ground for relief under Rule 60(b), and his motion is properly considered and dismissed as a successive § 2255 motion. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

[3] By order entered March 20, 2013, I denied Keyes' § 2255 due to the one-year statute of limitations.

has obtained certification from the Court of Appeals to file a second or successive § 2255 motion. Therefore, I will direct the clerk's office to docket Keyes' current submission as a § 2255 motion, which will be summarily dismissed as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Keyes.

**ENTER**: This __7th__ day of August, 2013.

_/s/ Norman K. Moon_
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE